MEMORANDUM ***
A jury convicted Larry Wayne Nunley of conspiracy to possess 100-1000 kilos of marijuana for distribution (Count I); possession of 100-1000 kilos of marijuana for distribution (Count II); and conspiracy to commit money laundering (Count III), in violation of 21 U.S.C. §§ 841(a)(1), (b)(l)(A)(vii), (b)(l)(B)(vii), and 846, and 18 U.S.C. §§ 1956(a)(1)(A)®, (a)(l)(B)(ii), and 1956(h). On each of these three counts, he was sentenced to 78-month terms of imprisonment, to run concurrently. Additionally, on Counts I and II, he was sentenced to two four-year terms of supervised release and on Count III a three- *846 year term of supervised release, to run concurrently.
Nunley first challenges on appeal his conviction on Count II — possession of 100 — 1000 kilos of marijuana for distribution. He contends there was no evidence to support a jury instruction that the mens rea requirement would be satisfied by proof Nunley acted with willful blindness or deliberate ignorance; that is, a Jewell instruction should not have been given.[1] See United States v. Jewell, 532 F.2d 697 (9th Cir.1976); see also United States v. Heredia, 483 F.3d 913, 922 (9th Cir.2007). We review the district court’s decision to give this instruction for abuse of discretion. Heredia, 483 F.3d at 922.
The government presented evidence that Nunley told the police a man asked him to haul a large quantity of marijuana, but Nunley refused. Nunley then left his keys and truck with that same man, while he went to watch the Super Bowl, with the man’s friends, for three hours. When Nunley returned to his truck, a new enclosed container was on his truck. At trial, the government and Nunley stipulated that when he was arrested later that day, his truck contained 998 kilos of marijuana. Further, the government presented evidence of Nunley’s wiretapped telephone conversations from which the jury could reasonably have inferred he was planning a drug transaction.
This is more than sufficient evidence from which a reasonable juror could have inferred Nunley was being willfully ignorant of the marijuana being loaded onto his truck. Thus, the evidence supported the district court’s decision to give the challenged instruction.
Nunley further challenges his convictions, asking that we review the denial of his motion under Federal Rule of Criminal Procedure 29 for judgment of acquittal. We review the denial of such motions de novo. United States v. Yoshida, 303 F.3d 1145, 1149 (9th Cir.2002). We will affirm the jury’s guilty verdict “if ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The main basis for Nunley’s argument is that due process requires corroboration of evidence provided by co-defendants pursuant to agreements with the government,[2] but he cites no authority supporting this proposition. To the contrary, it is the province of the jury to determine the credibility of a co-defendant testifying pursuant to an agreement with the government. United States v. Leung, 35 F.3d 1402, 1405 (9th Cir.1994). Nun-ley’s argument is thus meritless. We agree with the district court that the evidence was sufficient to support his convictions.
Nunley also contends the district court erred by not giving him a greater downward departure in his sentence due to his heart condition. We review sentencing decisions for an abuse of discretion and will only set aside a sentence if it is procedurally erroneous or substantively unreasonable. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008). The record shows the district court did consider Nunley’s heart condition when giving him a two level downward departure and sentencing *847 him to 78 months, a sentence far lower than that recommended by either the probation officer or the prosecution, 151-188 months. Accordingly, we affirm.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Nunley does not contend the instruction tainted his conviction on Counts I and III.

. Nunley actually uses the words "confidential informants,” but his entire argument and the facts of his case only involve a co-defendant testifying pursuant to a plea agreement.